CLOSED

NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

03-62016

| | |
|---|---|
| PAUL MARCUS ) | |
| ) | OPINION AND ORDER |
| Plaintiff, ) | CIV-MARRA |
| ) | |
| vs. ) | Hon. Harold A. Ackerman |
| ) | |
| MURRAY LIEBOWITZ, ) | DISTRICT OF NEW JERSEY |
| M.S.L. PROPERTY MANAGEMENT, INC. ) | Civil Action No. 02-5433 (HAA) |
| a Florida corporation, ) | |
| HARBOR INN OF CS ASSOCIATES, LTD., ) | |
| a Florida limited partnership, and ) | |
| PARK PLAZA ASSOCIATES, LTD., ) | |
| a Florida limited partnership, ) | |
| LIEBOWITZ FAMILY LIMITED ) | |
| PARTNERSHIP, a Florida limited partnership, ) | |
| ) | |
| Defendants. ) | |

FILED

OCT 2

WILLIAM T. WALSH
CLERK

FILED by ___ D.C.
INTAKE
NOV 10 2003
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. • FT. LAUD.

OCT 28 2003

Robert P. Shapiro, Esq.
SHAPIRO AND CROLAND
Attorneys at Law
Continental Plaza II
411 Hackensack Avenue
Hackensack, New Jersey 07601
Attorneys for Plaintiff

William D. Grand, Esq,
GREENBAUM, ROWE, SMITH, RAVIN,
DAVIS & HIMMEL LLP
Metro Corporate Campus One
P.O. Box 5600
Woodbridge, New Jersey 07095
Attorneys for Defendants

**ACKERMAN, SENIOR DISTRICT JUDGE:**

1

This matter comes before the Court on Plaintiff Paul Marcus's appeal from Magistrate Judge Hedges's order dismissing Plaintiff's case and transferring it to the Southern District of Florida. For the following reasons, Judge Hedges's order is REVERSED in part and AFFIRMED in part. Pursuant to 28 U.S.C. §1404(a), this case shall be transferred to the Southern District of Florida, where venue properly lies.

### I.   BACKGROUND AND PROCEDURAL HISTORY

On April 4, 2003, having agreed on the date of submission and the briefing schedule in accordance with Appendix N (Letter of David Marcus, May 1, 2003 at 2; Letter of William D. Grand, October 9, 2003 at 1), Defendants Murray Liebowitz, M.S.L. Property Management, Inc., Harbor Inn of CS Associates, Ltd., Park Plaza Associates, Ltd., and the Liebowitz Family Limited Partnership ("Defendants") filed a motion to dismiss or in the alternative transfer this case to the Southern District of Florida. That same day, Magistrate Judge Hedges signed the form of order (hereinafter the "April 4th Order") submitted by counsel for Defendants, although strangely, the order is stamped both "Filed" and "Received" on April 3, 2003. For reasons that remain unclear, this order was not entered on the docket until April 15, 2003.[1] The April 4th Order granted all of the following: (1) Defendant's motion to dismiss Plaintiff's complaint for improper venue based on 28 U.S.C. §1391(a), (2) Defendants' motion to dismiss for lack of personal jurisdiction, (3) Defendants' motion to transfer this case to the Southern District of Florida pursuant to 28 U.S.C. §§1404(a) and/or 1406, and (4) Defendants' motion to dismiss on

---

[1] Plaintiff claims he did not receive the April 4th order until April 17, 2003. (Marcus Letter, May 1, 2003 at 2).

2

the grounds of *forum non conveniens*. The April 4th Order also denied Plaintiff's cross-motions to compel discovery and to distribute assets. The April 4th order was unaccompanied by any legal opinion. The case was closed on April 15th and on April 16th it was transferred to the Southern District of Florida.

On April 30, 2003, Magistrate Judge Hedges issued a Letter Order ("Letter Order") in response to his having learned that Plaintiff intended to appeal his April 4th Order. The Letter Order acknowledged that the clerk had mistakenly transferred the file to the Southern District of Florida on April 16th, when, pursuant to Local Civil Rule 72.1(c)(1)(C), the file should have been held for fifteen days prior to transfer. However, finding that Plaintiff's ten days to appeal pursuant to Local Civil Rule 72.1(c)(1)(A) had expired (and, incidentally, basing this finding on the April 3rd filing date rather than the April 4th signing date) Magistrate Judge Hedges ordered the clerk's office not to retrieve the file from Florida. (Letter Order at 2).

On May 1, 2003, this Court received a letter from Plaintiff pointing out that since Magistrate Judge Hedges's April 4th Order had not been entered on the docket until April 15th, Judge Hedges had miscalculated the time within which he had to appeal. Specifically, Plaintiff asserted that he was not obligated to appeal until April 29th, when Plaintiff represents his appeal papers were submitted to the Court. Shortly after receiving Plaintiff's letter, this Court received a telephone call from the Chambers of the Honorable Wilkie D. Ferguson, Jr., United States District Judge, Southern District of Florida, to whom the instant case had been assigned, pointing out that Judge Hedges' April 4th Order provided no factual basis to support the change of venue, and citing other concerns, including that it was contradictory for Magistrate Judge Hedges to make a finding that the District of New Jersey lacked jurisdiction and then to grant a transfer of

venue motion. Pursuant to this conversation, this Court signed an order on May 7, 2003 directing the clerk to retrieve the file from the Southern District of Florida, ordering the case re-opened and the Notice of Magistrate Appeal filed *nunc pro tunc* to April 29, 2003. Correspondingly, on May 11, 2003, Judge Wilkie of the Southern District of Florida entered an order *sua sponte* transferring the case back to this Court on the ground that, "there is no factual basis cited in the transfer Order, or shown elsewhere in the record, to support a change of venue to the Southern District of Florida." (Wilkie Order, May 11, 2003, at 1).

## II.  ANALYSIS

### A.  Jurisdiction

Magistrate Judge Hedges found that the District Court lacked personal jurisdiction over Defendants. (April 4th Order at 2). Questions of jurisdiction are dispositive and are not considered to be finally decided until they have been "accepted, rejected or modified by the district court." *U.S. v. Polishan*, 336 F.3d 234, 240 n.3 (3d Cir. 2003); *see also* 28 U.S.C. 636(b)(1)(A) ("[A] judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court, except a motion. . . to involuntarily dismiss an action.") A Magistrate Judge's ruling on a dispositive motion is construed as "a proposed finding and recommendation." *Id.* Accordingly, this Court construes Magistrate Judge Hedges' dismissal of Plaintiff's case for lack of jurisdiction as a proposed finding and recommendation.

Pursuant to Federal Rule of Civil Procedure 4(e), federal district courts have personal jurisdiction over non-resident defendants to the extent authorized under the law of the forum

4

state in which the district court sits. *Sunbelt Corp. v. Noble, Denton & Associates, Inc.*, 5 F.3d 28, 31 (3d Cir. 1993). New Jersey's long arm statute provides for personal jurisdiction as far as is permitted by the Fourteenth Amendment to the United States Constitution. N.J. Ct. R. 4:4-4; *Carteret Savings Bank, FA v. Shushan*, 954 F.2d 141, 145 (3d Cir. 1992). The Fourteenth Amendment permits a state to exercise jurisdiction over an out-of-state defendant only where "the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985) (quoting *Hanson v. Denckla*, 357 U.S. 235 (1958)).

To prove that the defendant has purposefully availed himself or herself of that state, a plaintiff may rely upon a defendant's specific contacts with the forum state. If the cause of action arises out of or is related to the defendant's contacts with the forum state, it is one of "specific jurisdiction." *See Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 416 (1984); *Dollar Sav. Bank v. First Security Bank of Utah*, 746 F.2d 208, 211 (3d Cir. 1984). A defendant's contacts with the forum must have been such that he or she would "reasonably anticipate being haled into court there." *World-Wide Volkswagen Corporation v. Woodson*, 444 U.S. 286, 297 (1980) (citations omitted).

To determine the sufficiency of the defendant's contacts, the court should consider the "relationship among the defendant, the forum and the litigation." *Keeton v. Hustler*, 465 U.S. 770 (1984). There must be at least "a single deliberate contact" with the forum state that relates to the cause of action. *United States Golf Ass'n v. United States Amateur Golf Ass'n*, 690 F. Supp. 317, 320 (D.N.J. 1988). The unilateral acts of the plaintiff, however, will not amount to minimum contacts. *Helicopteros*, 466 U.S. at 414.

The court must also determine that maintenance of the suit does not offend "'traditional notions of fair play and substantial justice.'" *Calder v. Jones*, 465 U.S. 783 (1984), (quoting *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). For personal jurisdiction to comport with "fair play and substantial justice," it must be reasonable to require the defendant to defend the suit in the forum state. *World-wide Volkswagen*, 444 U.S. at 292. The following factors bear upon reasonableness: the burden on the defendant; the forum state's interest in adjudicating the dispute; the plaintiff's interest in obtaining convenient and effective relief; the interstate judicial system's interest in obtaining the most efficient resolution of controversies; and the shared interest of the several states in furthering substantive social policies. *Id.* Only in "rare cases [do the] minimum requirements inherent in the concept of fair play and substantial justice . . . defeat the reasonableness of jurisdiction even [though] the defendant has purposefully engaged in forum activities." *Asahi Metal Industry Co., Ltd. v. Superior Court of Cal., Solano Cnty.*, 480 U.S. 102, 116 (1987).

It is the burden of the plaintiff to prove that the defendant has purposefully availed herself of the forum state. *See Burke v. Quartey*, 969 F. Supp. 921, 924 (D.N.J. 1997). Once personal jurisdiction has been challenged, plaintiff must come forward with actual proofs which establish, "with reasonable particularity" the nature and extent of the defendant's contacts with the forum state. *Patterson v. FBI*, 893 F.2d 595, 603-04 (3d Cir. 1990). In evaluating a motion to dismiss for lack of personal jurisdiction, the court "must accept all of the plaintiffs' allegations as true and construe disputed facts in favor of the plaintiff." *Carteret Sav. Bank, F.A. v. Shushan*, 954 F.2d 141, 142 n.1 (3d Cir. 1992).

At its core, Plaintiff's argument as to why Defendants have purposely availed themselves

of New Jersey as a forum is because they availed themselves of the professional services of Larry Bathgate, Esq. Both parties concede that Bathgate, the attorney who prepared the relevant partnership and management agreements, is a New Jersey attorney. (Defs.' Mot. to Dismiss Compl. at 11; Pl.'s Br. in Opp'n. at 13). Plaintiff correctly relies upon *Rodin Properties-Shore Mall, N.V. v. Cushman & Wakefield of Pennsylvania, Inc.*, 49 F. Supp. 2d 709 (D.N.J. 1999) for the proposition that this suffices to confer personal jurisdiction over Defendants. In *Rodin*, the court held that it could exercise personal jurisdiction over an out-of-state defendant that had hired New Jersey counsel. *Id.* at 719. The New Jersey counsel provided the out-of-state defendant professional legal services related to the transaction at issue in the case. *Id.* Consequently, the court concluded, the out-of-state defendant's interactions with local counsel "r[o]se to the level of minimum contacts sufficient to establish jurisdiction over [the out-of-state defendant]." *Id.* Here, it is undisputed that Bathgate prepared the Partnership Agreements of Harbor Inn and Park Plaza, the Property Management Agreements (in which Bathgate was designated an "Owner's Representative") between the partnerships and ML Management, and the Private Placement Memoranda. (Pl.'s Br. in Opp'n. at 12, Defs.' Mot. to Dismiss at 11). In light of the comprehensive and diverse participation of Bathgate, Plaintiff's reliance upon *Gitomer v. Rosefielde*, 726 F. Supp. 109 (D.N.J. 1989) is misplaced. In *Gitomer*, the court held that mailing documents to investors in New Jersey was insufficient contact with the forum to exercise personal jurisdiction. It is clear that Defendants' reliance upon the services of Bathgate entailed more than a mere mailing to someone inside the state. Therefore, this Court will exercise personal jurisdiction over Defendants.

Because the Court finds that it has personal jurisdiction over the Defendants, Plaintiff's

cross-motion to be permitted to conduct further discovery relating to jurisdiction is moot.

### B. Transfer of Venue

Pursuant to 28 U.S.C. § 636(b)(1)(A), Rule 72(a) of the Federal Rules of Civil Procedure, and Rule 72.1(a) of the Local Civil Rules, a United States Magistrate Judge may hear non-dispositive motions, such as a motion to transfer venue. *Market Transition Facility v. Twena*, 941 F. Supp. 462 (D.N.J. 1996). On appeal, the district court may modify or set aside the Magistrate Judge's non-dispositive order only if the ruling was "clearly erroneous or contrary to law." *Haines v. Liggett Group Inc.*, 975 F.2d 81, 91 (3d Cir. 1992); *Cipollone v. Liggett Group, Inc.*, 785 F.2d 1108, 1113 (3d Cir. 1986), *cert. denied*, 484 U.S. 976 (1987). A ruling is clearly erroneous "when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Dome Petroleum Ltd. v. Employers Mut. Liab. Ins. Co.*, 131 F.R.D. 63, 65 (D.N.J. 1990) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)); *see also Pharm. Sales and Consulting Corp. v. J.W.S. Delavau Co., Inc.*, 106 F. Supp.2d 761, 764 (D.N.J. 2000).

The transfer of venue statute, 28 U.S.C. §1404(a), states that "for the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. §1404(a). Section 1404(a)'s purpose "is 'to prevent the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense.'" *Pro Spice, Inc. v. Omni Trade Group, Inc.*, 173 F. Supp. 2d 336, 339 (E.D. Pa.2001) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964); *Cont'l Grain Co. v. Barge FBL-585*, 364 U.S. 19, 26-27

(1960)). The Third Circuit has stated that "[i]n ruling on 1404(a) motions, courts have not limited their consideration to the three enumerated factors in 1404(a) (convenience of parties, convenience of witnesses, or interests of justice), and have called on the courts to "consider all relevant factors to determine whether on balance the litigation would more conveniently proceed and the interests of justice be better served by transfer to a different forum." *Jumara v. State Farm Ins. Co*, 55 F.3d 873, 879 (3d Cir. 1995). The additional factors this Court must consider in determining whether a 1404(a) transfer is appropriate include various private and public factors. *Id.* The list of private factors include plaintiff's forum preference, defendants' forum preference, whether the claim arose elsewhere, the convenience of the parties, the convenience of the witnesses and the location of books and records. *Id.* The list of public factors a court must consider include the enforceability of judgment, the practical considerations that could make the trial easy, expeditious, or inexpensive, the relative administrative difficulty in the two fora resulting from court congestion, the local interest in determining local controversies at home, the public polices of the fora and the familiarity of the trial judge with the applicable state law. *Id.* at 879-80 (citations omitted). A court must properly weigh and balance all of the factors in deciding whether to transfer a case under this statute. The Court recognizes that while §1404(a) "gives the district courts discretion to decide a motion to transfer based on an individualized, case-by-case consideration of convenience and fairness, such motions are not to be liberally granted." *Dinterman v. Nationwide Mut. Ins. Co.*, 26 F. Supp. 2d 747, 749 (E.D. Pa.1998) (citing *Stewart Organization, Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988); *Shutte v. Armco Steel Corp.*, 431 F.2d 22, 25 (3d Cir.1970)). Additionally, where a party seeks to transfer a case pursuant to §1404(a), it is that party which has the burden of showing the existing forum is inconvenient.

*Dinterman*, 26 F. Supp. 2d at 749 (citations omitted). [2]

### 1.   Private Factors

The private factors clearly favor a change of venue to the Southern District of Florida. It is true that Plaintiff prefers that venue lie in the District of New Jersey, whereas Defendants prefer that venue lie in the Southern District of Florida. However, it is clear that the claim arose in Florida as all of the counts in the Complaint pertain to actions allegedly committed by the Defendants in Florida. The five counts of Plaintiff's complaint accuse defendant M.S.L., a Florida corporation doing business in Florida, of mismanagement and self-dealing in connection with two apartment complexes located in Florida. Plaintiff accuses Defendant M.S.L. of improperly receiving a mortgage placement fee and improperly holding $500,000 in escrow (Compl., ¶ 32), of negligently managing the properties and failing to maintain a fair and reasonable return (Compl., ¶ 34). Plaintiff further accuses Defendants M.S.L. and Liebowitz of utilizing the partnership assets and the contractors for their own benefit, and a variety of other abuses related to the management of the properties. Further still, Plaintiff accuses Defendants of conversion (Compl., ¶ 48), breach of contract, and of making use of a management agreement that violates both the law and public policy. (Compl., ¶ 42). Lastly, Plaintiff accuses Defendants of converting the partnership assets. (Compl., ¶ 48). There is no dispute that all of these claims stem from activities that allegedly took place in the State of Florida. Moreover, whereas all of

---

[2]Before engaging in a balancing of the factors, the Court must first determine whether venue could be properly laid in another district so as to permit a transfer under §1404(a). Magistrate Judge Hedges has already concluded that Defendants have succeeded in making such a showing. The Court affirms that decision. The Court believes that venue would be proper in the Southern District of Florida pursuant to Section 1391(b) since a substantial amount of the events giving rise to Marcus's claims occurred there. *See infra*, IIB1 & IIB2.

10

the Defendants live in Florida, and would clearly benefit from the convenience of this litigation being relocated there, Plaintiff, although he maintains a residence in New Jersey, lives in New Hampshire and will consequently have to bear the inconvenience of traveling either way to pursue this litigation. (Compl., ¶1). Finally, the convenience of the witnesses and the location of books and records certainly tilts in favor of a change of venue to Florida. All of the books and records of MSL and the partnerships necessary to resolution of this conflict are in Florida, as are all the witnesses to the allegedly improper acts, including MSL employees, contractors, and various professionals including accountants and attorneys. (Defs.' Reply Br. at 6.)

      2.    Public Factors

The public factors likewise favor a change of venue to Florida. A judgment in favor of the Plaintiff in this case would have to be enforced in Florida in any case since that is where the assets in question lie. Given the location of all of the Defendants, the witnesses, and the evidence, the trial would be easier, more expeditious, and less expensive if held in Florida. This Court has no basis for weighing the relative court congestion of the dockets of the Southern District of Florida versus the District of New Jersey, but Florida clearly has a greater interest in determining whether residents of its state have been engaging in wrongful conduct or have been sued unwarrantedly, whereas no full time New Jersey resident is a party to this case. Finally, a Florida trial judge will be more familiar with Florida law, which governs the partnership agreements (Compl., ¶¶9, 14), than a New Jersey trial judge.

Therefore, on balance, after weighing all of the public and private factors, this Court concludes that it is appropriate to transfer this case to the Southern District of Florida pursuant to 28 U.S.C. §1404(a).

11

In short, while there are sufficient contacts for the District of New Jersey to exercise personal jurisdiction over the Defendants, it cannot be said that a even a substantial part of the events or omissions of this case occurred in New Jersey. The only fact Plaintiff has succeeded in establishing to assert a connection between this litigation and New Jersey is that Bathgate lives and works here.[3]

### III.  CONCLUSION

For the aforementioned reasons, on this 23rd day of October 2003, it is hereby ORDERED that, insofar as it appeals Magistrate Judge Hedges' dismissal of Plaintiff's case for lack of personal jurisdiction, Plaintiff's appeal is GRANTED, and insofar as it appeals Magistrate Judge Hedges' transfer of venue to the Southern District of Florida, Plaintiff's appeal is DENIED. All other outstanding issues on appeal are hereby DISMISSED AS MOOT. Pursuant to 28 U.S.C. § 1404(a) this case will be transferred to the Southern District of Florida.

Harold A. Ackerman, U.S.D.J.

---

[3] Since this Court will transfer the case to the Southern District of Florida, it will refrain from rendering a decision on Plaintiff's motion to compel distribution of partnership assets.